RICHARD M. GLIDE, Plaintiff, *v.* JEROME F. SHERIDAN, Defendant.

Supreme Court, Special Term, New York County, November 1, 1939.

*Schrieber, Buchter & Rathheim*, for the plaintiff.

*Leo J. Bondy*, for the defendant.

McLAUGHLIN, J. This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice. The action is upon a promissory note. The only matter presented for determination is whether the instrument sued upon is a negotiable instrument. The defendant says it is not and as no consideration is alleged the complaint should be dismissed. The instrument is payable on a fixed date. However, the payment may be accelerated by non-payment of installments provided therein, by death of the maker, or in the event of the sale of defendant's seat or membership in the New York Curb Exchange, or the filing of any lien against or of any judgment obtained against the maker or warrant of attachment issued against him. Section 23 of the Negotiable Instruments Law states that an instrument payable upon a contingency is not negotiable. This paper, however, is not payable upon a contingency. It may be accelerated by the happening of certain delinquencies upon the part of the maker, but it has a fixed date for its payment. It is negotiable under section 20 of the Negotiable Instruments Law. Acceleration does not destroy negotiability, (*Higgins* v. *Hocking Valley R. Co.*, 188 App. Div. 684.) The cases cited by the defendant seem to refer to instances where there was no specific date for payment to become due. The case of *Enoch* v. *Brandon* (249 N. Y. 263), cited by both parties, does not lay down any rule which rejects negotiability of an instrument like the one under consideration. In the same volume is found the authority in this State for the proposition that acceleration by the happening of contingencies mentioned in the instrument does not destroy its negotiability. The Court of Appeals reached that conclusion after reviewing the authorities pro and con of other jurisdictions. (*First Nat. Bank* v. *Blackman*, 249 N. Y. 322, 329.)

Motion is in all respects denied.